No. 97-133

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


ROBERT J. WEITZ and MICHAEL WEITZ,

Petitioners and Respondents,

v.

MONTANA DEPARTMENT OF NATURAL RESOURCES AND
CONSERVATION, and STATE BOARD OF LAND COMMISSIONERS,

Respondents and Appellants.


APPEAL FROM:   District Court of the Fourteenth Judicial District,
In and for the County of Meagher,
The Honorable Roy C. Rodeghiero, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Tommy H. Butler; Special Assistant Attorney General;
Montana Department of Natural Resources and
Conservation; Helena, Montana

For Respondents:

John V. Potter, Jr., Attorney at Law,
White Sulphur Springs, Montana

For Amicus Curiae:

Hertha L. Lund; Datsopoulos, MacDonald & Lind;
Missoula, Montana (Montana Farm Bureau Federation)


Submitted on Briefs: June 19, 1997
Decided:    August 1, 1997
Filed:

_____
Clerk

Justice Jim Regnier delivered the opinion of the Court.

On January 10, 1997, the Fourteenth Judicial District Court, Meagher County, filed a memorandum opinion and judgment dismissing the administrative violations of Rules 26.3.186(1) and 26.3.198(1), ARM, by Robert and Michael Weitz which were previously upheld by the Director of the Montana Department of Natural Resources and Conservation (DNRC). The DNRC and the State Board of Land Commissioners appeal the memorandum opinion and judgment. We affirm.

The issue on appeal is whether the District Court erred in concluding that the actions of a lessee traveling by existing roadways over state lands to conduct activity on private lands does not constitute a recreational use under the statutes and rules of the Recreational Use Act of 1991.

FACTUAL BACKGROUND

Robert J. Weitz and Michael Weitz are stockholders in a family ranch corporation, Holmstrom Land Company, Inc. The corporation owns approximately twenty-five sections of land and has ten-year agricultural leases on three and one-quarter sections of state lands that lie within its deeded land boundaries. A large portion of the deeded lands are accessible from the main ranch only by roads which cross the leased state sections.

In the fall of 1992, the Montana Department of Fish, Wildlife and Parks (FWP) set up an operation to investigate the hunting activities which Robert and Michael Weitz conducted on their private ranch lands pursuant to the landowner's exemption which does not require an outfitters license from the State. See 37-47-101(5), MCA. As a result of this operation, both Michael and Robert were charged with hunting violations. The Department of State Lands obtained the reports and statements of the undercover FWP agents and charged the Weitzs with violating regulations relating to recreational use of state lands. The Department sought civil penalties arising from these violations.

A hearing was held before a hearing examiner on April 20, 1994. The examiner issued his findings on November 2, 1995. The Weitzs objected to the examiner's findings and conclusions. The Director of the DNRC, Arthur P. Clinch, heard the objections and entered a final order denying their appeal and assessed civil penalties against Robert and Michael.

The penalties were assessed for alleged violations of rules adopted under the Recreational Use Act of 1991. Robert Weitz was held to be in violation of Rule 26.3.186(1), ARM, in that he allegedly violated the motorized vehicle use restriction on roads on state lands not open to vehicle use. Michael Weitz was held to also be in violation of Rule 26.3.186(1), ARM, and Rule 26.3.198(1), ARM, in that he allegedly performed the special recreational use of outfitting on state lands without a special

recreation use license.  The Weitzs appealed the DNRC's final order to the Fourteenth Judicial District Court.  After submission of briefs and oral argument the District Court filed its memorandum opinion and order setting aside the assessment of civil penalties and ordering the charges dismissed with prejudice.  The DNRC and the State Board of Land Commissioners appeal from this judgment.

DISCUSSION

Did the District Court err in concluding that the actions of a lessee traveling by existing roadways over state lands to conduct activity on private lands does not constitute a recreational use under the statutes and rules of the Recreational Use Act of 1991?

When a district court reviews an agency decision, the standard of review it applies is set forth in the Montana Administrative Procedure Act at  2-4-704, MCA. The relevant portions of that statute state:

(2)  The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:

(a)  the administrative findings, inferences, conclusions, or decisions are:

(i)  in violation of constitutional or statutory provisions;

(ii)  in excess of the statutory authority of the agency;

(iii)  made upon unlawful procedure;

(iv)  affected by other error of law;

(v)  clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;

(vi)  arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(b)  findings of fact, upon issues essential to the decision, were not made although requested.

Section 2-4-704, MCA.  In reviewing the findings of a trial court sitting without a jury, this Court applies the following three-part test to determine if the trial court's findings on an agency decision are clearly erroneous: (1) the record will be reviewed to see if the findings are supported by substantial evidence; (2) if the findings are supported by substantial evidence, it will be determined whether the trial court misapprehended the effect of evidence; and (3) if substantial evidence exists and the effect of evidence has not been misapprehended, the Supreme Court may still decide that a finding is clearly erroneous when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed. State Comp. Mut. Ins. Fund v. Lee Rost Logging (1992), 252 Mont. 97, 827 P.2d 85, following Interstate Production Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 820

P.2d
1285.  In reviewing a state agency's conclusions of law under this section, the standard
is to determine if the state agency's interpretation of the law is correct. Tokumoto v.
Department of Revenue (1994), 264 Mont. 56, 869 P.2d 782;  Baldridge v. Rosebud
County School Dist. No. 19 (1994), 264 Mont. 199, 870 P.2d 711.

The DNRC and the Board contend that the District Court substituted its judgment
for that of the agency as to the weight of the evidence on questions of fact in violation
of  2-4-704(2), MCA.  They contend that there was sufficient credible evidence for the
agency's determination that the Weitzs were making recreational use of state lands by
driving hunters and allegedly hunting on the state lands for profit.

The decision by the District Court held that the DNRC's attempted enforcement
of rules adopted under the Recreational Use Act of 1991, as against a lessee of the state
land involved, was an over broad and unlawful application of an administrative
regulation, in excess of statutory authority, and an abuse of discretion.  The court based
this decision on its finding that the lessees were merely using existing roads to travel and
conduct activity elsewhere and thus concluding that their activities did not constitute a
public and recreational use of state lands.

The Statement of Intent for the Recreational Use Act of 1991 provides that
"[c]onsistent with the provisions of this bill, it is intended that public recreational use of
state lands be accomplished to the fullest extent possible."  1991 Mont. Laws, Chap. 609,
p. 2100.  The Act was enacted to provide that an allowable use of state lands includes
general recreational use by the public.  The Act was not intended to restrict or address
lessees' use of their leased land when not acting as recreationists, nor was it intended to
restrict their use and enjoyment of adjacent private land.  Under the Statement of Intent,
the Legislature notably distinguished lessees of state lands as a separate class from the
public wishing to make use of state lands.  When state land is posted,  the recreational
user must contact the lessee or his agent and provide notice of the type and extent of the
recreational use contemplated before entering onto posted state land.  1991 Mont. Laws,
Chap. 609, p. 2100.

The provisions contained within the Recreational Use Act of 1991 are clearly
intended to only apply to recreational use and to recreationists.  Section 77-1-101, MCA,
defines recreational use as:

(2)  "Commercial or concentrated recreational use" means any

recreational use that is organized, developed, or coordinated, whether for
profit or otherwise.  Commercial or concentrated recreational use includes
all outfitting activity and all activities not included within the definition of
general recreational use.
     . . . .
     (4)  "General recreational use" includes noncommercial and
nonconcentrated hunting, fishing, and other activities determined by the
board to be compatible with the use of state lands.

General recreational use of state lands is defined in the DNRC's rules to mean "fishing
or hunting for game for which a hunting license is required by the department of fish,
wildlife and parks.  It also includes accompanying a person who is hunting or fishing for
the purpose of assisting that person."  Rule 26.3.182(11), ARM.
     The DNRC determined that the Weitzs were engaged in general recreational use
of state lands and that as a result of this activity they violated the rule prohibiting
motorized vehicle travel over state lands for recreational uses.  Rule 26.3.186(1), ARM.
The DNRC also determined that Michael Weitz was engaged in special recreational use
of outfitting on state lands without a special recreational use license. Rule 26.3.198(1),
ARM. The application of these rules to the Weitzs was based on the DNRC's conclusion
that Robert and Michael Weitz were not merely traversing the state land in order to reach
private land but "[w]hile traveling on state land, the hunting groups wore orange clothing,
carried loaded rifles, parked, and spotted game during big game hunting season."
However, the findings made by the hearings examiner also acknowledge that no elk or
deer were observed to be killed, shot at, or pursued on the leased state lands.  We agree
with the District Court that the finding made by the hearings examiner that these activities
constituted hunting was based upon faulty reasoning, conjecture, and speculation.  The
court was within its discretion to reverse the agency's finding, as it was clearly erroneous
in view of the reliable, probative, and substantial evidence on the record.  Section 2-4-
704, MCA.  There is substantial evidence in the record to support the District Court's
finding that the activities of the Weitzs did not constitute hunting.  This finding is not
otherwise clearly erroneous.
     Based upon the court's finding that the Weitzs were not hunting on leased state
lands but were merely traveling across those lands to conduct activity elsewhere, the court
concluded that the Weitzs were not engaged in a general recreational use of the state
lands.  This conclusion is  correct under the definition of general recreational use set

forth in 77-1-101(4), MCA. The court, therefore, correctly went on to conclude that
the "application of the rule prohibiting vehicle travel across State lands--when applied to
a lessee of those lands traveling by existing roadways to conduct activity elsewhere--is
an over broad and unlawful application of an administrative regulation, in excess of
statutory authority and an abuse of discretion and therefore unenforceable." The District
Court was not in error in reversing the DNRC's determination that Robert and Michael
Weitz violated Rule 26.3.186(1), ARM.

The DNRC's next determination was that Michael Weitz was engaged in special
recreational use of outfitting on state lands without a special recreational use license. Rule
26.3.198(1), ARM. The Recreational Use Act of 1991 does not contain a definition of
outfitting activity. The definition relied upon by both parties is contained in the
professional licensing statutes. Section 37-47-101(5), MCA (1991), provides that an outfitter
means any person, except a person providing services on real property that
he owns for the primary pursuit of bona fide agricultural interests, who:

(a) engages in the business of outfitting for hunting or fishing parties,
as the term is commonly understood;

(b) for consideration provides any saddle or pack animal or personal
service for hunting or fishing parties or camping equipment, vehicles or
other conveyance except boats, for any person to hunt, trap capture, take,
or kill any game and accompanies such a party or person on an expedition
for any of these purposes;

(c) for consideration furnishes a boat or other floating craft and
accompanies any person for the purpose of catching fish; or

(d) for consideration aids or assists any person in locating or
pursuing any game animal.

At the time the alleged violations occurred in 1992, the Weitzs were outfitting
hunters on private lands owned by their corporation under the landowners' exemption
contained in 37-47-101(5), MCA. As we have previously set forth, the District Court's
finding that the Weitzs were not engaging in hunting on state lands is supported by
substantial evidence in the record. Traversing leased state lands in order to conduct
outfitting on private lands does not constitute outfitting on the state lands. Thus the
District Court did not err when in concluded that Michael Weitz did not violate Rule
26.3.198(1), ARM.

We hereby affirm the District Court.


/S/ JIM REGNIER


We Concur:

/S/ J. A. TURNAGE

/S/   WILLIAM E. HUNT, SR.
/S/   TERRY N. TRIEWEILER
/S/   JAMES C. NELSON

/S/   WILLIAM E. HUNT, SR.
/S/   TERRY N. TRIEWEILER
/S/   JAMES C. NELSON