DA 08-0077

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 388N

MARY J. CLEMENT,

        Petitioner and Appellant,

    v.

MONTANA DEPARTMENT OF LABOR AND INDUSTRY,

        Respondent and Appellee.


APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV 07-329
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Mary J. Clement (self-represented), Portland, Tennessee

        For Appellee:

            Don E. Harris, Department of Labor & Industry, Helena, Montana


                Submitted on Briefs: October 16, 2008

                         Decided: November 18, 2008

Filed:

                _____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Mary J. Clement (Clement) appeals the District Court's order on judicial review that affirmed the decision of the Montana Board of Social Work Examiners and Professional Counselors (Board) to revoke Clement's license to practice as a licensed clinical professional counselor. We affirm.

¶3 Clement received her Montana license as a clinical professional counselor in September 2000. She initially worked under the auspices of a doctor in Livingston and split her time between Montana and her home state of Tennessee. Clement entered into a particular provider agreement with Blue Cross/Blue Shield of Montana (BCBSMT) in November 2000. Clement agreed to accept full payment from BCBSMT with no charge to her clients who had health insurance coverage with BCBSMT. Clement also agreed that she would bill only for face-to-face counseling sessions with her clients.

¶4 A billing dispute arose between Clement and BCBSMT regarding Clement's bills for her treatment of husband and wife, S.H. and B.H., who are BCBSMT subscribers. The couple's insurance policy contained an unlimited mental health benefit with no dollar limit for counseling, no co-payment, and no deductible. Clement's agreement with BCBSMT prevented her from billing B.H. and S.H. for any amounts not paid by BCBSMT.

2

¶5 BCBSMT eventually audited Clement's billing practices and sought reimbursement for over $13,000 in fees that had been paid to Clement. Clement returned over $13,000 to BCBSMT. She soon filed a complaint in Park County Justice Court where she sought to recoup $2,940 from B.H. and S.H. for amounts not paid by BCBSMT. The Park County Justice of the Peace ruled in favor of B.H. and S.H. on the merits.

¶6 B.H. and S.H. filed a complaint with the Board regarding Clement's improper billing. On the same day that Clement received a copy of the complaint, she sent an unsolicited letter to the Social Security Administration in which she claimed that B.H. was a "malingerer." Clement also prepared a document entitled "Declaration," that she attempted to have B.H. and S.H. sign. The document sought to legitimize some of Clement's billing practices.

¶7 The Department's hearing examiner conducted a four-day contested case hearing on the complaint against Clement. The hearing examiner cited 13 separate violations of professional standards for licensed clinical professional counselors committed by Clement. The hearing examiner determined that Clement had committed unprofessional conduct in violation of § 37-1-316(4)-(5), (9), (15), (18), MCA, and Admin. R. M. 24.219.804(1)-(2) (2003). The hearing examiner determined that it was necessary to revoke Clement's license to protect the public under § 37-1-312, MCA. The Board concurred with the hearing examiner's determination to revoke Clement's license. The Board cited several aggravating factors that necessitated revocation of Clement's license, as opposed to suspension and attempted rehabilitation of Clement.

3

¶8 Clement filed a petition for judicial review in which she alleged that the Board violated her right to procedural due process by withholding documentation that allegedly had been provided to the Board by BCBSMT. Clement next argued that the Board should have used the clear and convincing evidence standard of review instead of the preponderance of the evidence standard of review as her case involved the revocation of a professional license. Clement further argued that her billing practices were in compliance with her BCBSMT contract in light of the fact that the BCBSMT contract was silent as to billing for overtime. Finally, Clement argued that the definition of "harm" to a patient is unconstitutionally vague as set forth under § 37-1-316, MCA, and Admin. R. M. 24.219.804 (2003). The District Court affirmed and Clement appeals.

¶9 A district court reviews an administrative agency's decision in a contested case to determine whether the findings of fact are clearly erroneous and whether the agency correctly interpreted the law. *Solid Waste Cont. v. Dep. of Pub. Ser. Reg.*, 2007 MT 154, ¶ 16, 338 Mont. 1, ¶ 16, 161 P.3d 837, ¶ 16. Section 2-4-704(2), MCA, provides the standard of review for an agency decision. The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the applicant have been prejudiced in light of various factors. Section 2-4-704(2), MCA. A finding is clearly erroneous if it is not supported by substantial evidence, or, if it is supported by substantial evidence, because the agency misapprehended the effect of the evidence. The court may still decide that a finding

is clearly erroneous when "a review of the record leaves the court with the definite and firm conviction that a mistake has been committed." *Weitz v. Dept. of Nat. Resources & Conserv.*, 284 Mont. 130, 133-34, 943 P.2d 990, 992 (1997).

¶10     We employ the same standard when reviewing the district court's decision, and must accordingly determine whether an agency's findings of fact are clearly erroneous and whether its conclusions of law were correct. *Solid Waste Cont.*, ¶ 17. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact and that the District Court's legal conclusions were correct.

¶11     We affirm.

/S/ BRIAN MORRIS


We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JOHN WARNER